UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 1 7 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Fred Plummer, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-1961 (UNA)
)
District of Columbia, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff, a resident of Washington, D.C., sues the District of Columbia for alleged actions taken during proceedings in the Superior Court of the District of Columbia. Plaintiff claims that during his prosecution for a DUI, he was denied his right to due process and right to counsel under the Sixth Amendment. Compl. at 1. Plaintiff alleges that on the day of his trial, the presiding judge "dismiss[ed]" his retained counsel and appointed an attorney to represent him. Plaintiff suggests that his trial was rushed, his court-appointed attorney was not prepared, and he was forced to represent himself with the attorney serving as standby counsel. *See id.* at 2. Plaintiff alleges, among other things, that following the



testimony of the government's witness, he "was put in a position where [he had] no other choice but to plead guilty." *Id.* at 2-3. Plaintiff claims that there "was a secret plan by a group to do something unlawful and harmful to [him]." *Id.* at 3. He "want[s] . . . three individuals," who are not named as defendants, "brought to Justice." *Id.* He also seeks $3 million for pain and suffering.

The District of Columbia may be held liable under federal law "for constitutional torts arising from 'action pursuant to official municipal policy,'" established by lawmakers or officials with final policy-making authority. *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 691 (D.C. Cir. 2009) (quoting *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997)). The District's liability does not extend to the judicial proceedings underlying this action. *See El-Amin v. Downs*, 272 F. Supp. 3d 147, 152 (D.D.C. 2017) (dismissing claim against the District resting "on the erroneous premise that the decision rendered by the presiding judge at [a] criminal trial constituted policymaking") (quoting *Mackey v. Helfrich*, 442 Fed. Appx. 948, 950 (5th Cir. 2011); *Burns v. Mayes*, 369 Fed. Appx. 526, 531 (5th Cir. 2010); *Granda v. City of St. Louis*, 472 F.3d 565, 569 (8th Cir. 2007)). Therefore, no claim is stated against the District.

Plaintiff would fare no better had he named the participants of the Superior Court proceedings because the immunity of state judges and prosecutors sued for "perform[ing] official functions in the judicial process," *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983), is "well established," as is the "immunity of parties and witnesses . . . in judicial proceedings," *id.* at 330. As a result, the Court would be required to dismiss any such claim immediately on the ground that it "seeks monetary relief against [an immune] defendant[.]" 28 U.S.C. § 1915(e) (2)(B)(iii).

Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: September 13, 2018

CHRISTOPHER R. COOPER
United States District Judge